**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHNATHAN ARTHUR FIELDS, | No. 19-15684 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01194-GMS-MHB |
| v. | |
| RICHMOND AMERICA HOMES, real estates corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted March 3, 2020**

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Former pretrial detainee Johnathan Arthur Fields appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal

and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for

an abuse of discretion a dismissal under Fed. R. Civ. P. 41(b). *McHenry v. Renne*,

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

84 F.3d 1172, 1177 (9th Cir. 1996).  We affirm.

The district court did not abuse its discretion in dismissing Fields's action for failure to comply with its order to amend the complaint to comply with Federal Rule of Civil Procedure 8(a).  Fields's amended complaint was vague, confusing, and failed to allege clearly the bases for his claims.  *See id.* at 1179-80 (affirming dismissal of a complaint under Rule 8 because it was  "argumentative, prolix, replete with redundancy, and largely irrelevant"); *see also* Fed. R. Civ. P. 8(a)(2) (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

The district court did not abuse its discretion in denying Fields's motion for reconsideration because Fields failed to demonstrate any basis for relief.  *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Federal Rule of Civil Procedure 59 or 60).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**